**Toth License**

*Robert C. McFadden*, for appellant.
*E. Drummond King*, for Commonwealth.

SCHEIRER, J., March 4, 1969.—In this appeal from a license suspension, the facts have been stipulated for the resolution of a legal question.

Petitioner, born March 11, 1950, and while operating a motor vehicle under a junior license on December 4, 1967, violated section 1012(a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended (failure to give a proper signal) and was given a 15-day suspension effective May 27, 1968. On May 28, 1968, petitioner was apprehended while driving during the period of suspension. His counsel stipulated: "He was a mechanic, working on the car, and he drove the car about a half mile to test it and drove it back."

On October 4, 1968, petitioner entered a plea of guilty to the offense of operating during suspension. Upon receipt of certification of the sentence, the Secretary of Revenue suspended the license for a period of one year effective November 13, 1968.

Petitioner argues that as a junior operator, he has been discriminated against and that if he had been treated as an adult he would have been assigned three points without suspension, thus could not have been guilty of driving under suspension nor subject to a one-year suspension.

The same question was raised and determined under slightly different facts in Commonwealth v. Senft, 82 York 43. We believe the reasoning of President Judge

Atkins is applicable to the situation confronting us.. We shall accordingly quote liberally from his opinion:

"In support of his second contention counsel refers to Rogers License, 43 D & C 2d 500, to support his position. In that case the court held that the point system provided by the Act of January 24, 1966, P. L. (1965) 1497 which added Section 619.1 to the Vehicle Code, Act April 29, 1959, P. L. 58, became the exclusive provision regarding the powers of the Secretary to suspend operating privileges. We are not able to accept this premise. Prior to the enactment of Section 604.1 of the Vehicle Code on September 16, 1961, which is the section authorizing junior operators licenses, the authority of the Secretary to revoke and suspend operators privileges was set forth in Sections 616, 617, 618 and 619 of the Code. In 1961, by the enactment of Section 604.1, the legislature established a new class of operators and provided for issuing a special kind of license called 'Junior Operators License,' which became the only type of license available to persons under 18 years of age and over 16 years of age. Sub-Paragraph (a) of this section provides that 'In addition to the other provisions of this act relating to the suspension or revocation of operating privileges in the event that a licensed junior operator . . . pleads guilty or *nolo contendere*, or is convicted of any violation of "The Vehicle Code" . . . the secretary may after a hearing suspend the operating privileges of such junior operator until he has reached the age of 18 years or for any other period of time.' Section 619.1 which was added to the Vehicle Code January 24, 1966 provides: '(a) In addition to the powers and duties of revocation and suspension conferred upon the Secretary under Sections 616, 617, 618 and 619 of this act, he shall administer a system for driver education, testing and suspension as hereinafter provided.' Then follows the outline of the point system. In construing these amendments effect must be given

to Section 73 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. 573 which provides: 'Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended, and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the time of the original enactment and the new provisions shall be construed as effective only from the date when the amendment became effective.' Since Section 619.1 of the Vehicle Code did not purport to amend Section 604.1, they must be read together and viewed as one law. It is clear from the language of both amendatory sections that it was not the intent of the legislature to restrict the authority of the Secretary regarding suspensions or revocations, but to enlarge it as is shown by the statement contained in each of these amending sections, that the powers then conferred are to be in addition to the existing powers of the Secretary. We find nothing in Section 619.1 that restricts or limits Section 604.1, nor do we perceive any difficulty in reading them together. The record shows that the appellant pleaded guilty to a violation of the speed restrictions imposed by Section 1002 of the Vehicle Code. Thereafter under Section 604.1 the Secretary had the power to suspend his operating privileges for any time.

"The appellant contends that just because he was a junior operator he received much harsher treatment than he would have under the point system had he been over 18 years of age. This is true. However the difference of treatment as provided in the legislative enactment is a matter for the legislature and not the court unless it appears that the unequal treatment

amounts to a denial of equal protection of the law. No effort was made to prove that the action of the legislature in adopting the classification of operators between 16 and 18 years of age into a separate group is unreasonable nor that the action of the Secretary constituted such discrimination as required it to be set aside."

In accordance with the authority granted in section 604.1(d): "In addition to the other provisions of this act relating to the suspension or revocation of operating privileges . . .", petitioner received his suspension under section 618(a)(2).

We agree with President Judge Atkins that the secretary had the power to suspend petitioner's operating privileges "for any time" and that the difference in treatment of operators under and over the age of 18 years is a legislative and not a judicial matter.

We acknowledge that a one-year suspension under the circumstances is severe. We believe it was so intended. Junior operator licenses are both privileged and restricted, undoubtedly in recognition of the high accident rate among teenagers and out of concern to remove those persons under 18 years of age off the highways and into places of safety during hours when delinquent behavior occurs. We are impressed by the arresting fact that this petitioner drove a vehicle on May 28, 1968, one day after a mild 15-day suspension was effective. We are reminded of the farmer who struck his mule with a "two by four" with the explanation "first we must get his attention." Hopefully, the Commonwealth has now secured the attention of petitioner by imposing a one-year suspension, a result not achieved by a 15-day suspension. Furthermore, we have no authority to reduce the period of suspension.

Since the secretary has not abused his discretion, petitioner's appeal will be dismissed.

## ORDER

Now, March 4, 1969, the action of the Secretary of Revenue imposing a one-year suspension of the driving privileges of petitioner is sustained and the appeal is dismissed.